UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER MIKIHAIL,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBKEN INTERNATIONAL INVESTMENT, LTD, also known as Robken Int'l Investment LTD, and DOES, 1-20, inclusive,<br><br>　　　　　　　　　Defendants. | Civil No.　10-cv-2468-L (POR)<br><br>**ORDER DENYING EX PARTE MOTION FOR EXPEDITED DISCOVERY**<br><br>**[ECF No. 3]** |

　　　　On December 1, 2010, Plaintiff Nader Mikihail filed a complaint against Robken International Investment, LTD and Does 1-20 for breach of contract.  Plaintiff alleges he negotiated a contract with Defendant Robken International Investment to purchase two tractors for the agreed sum of $124,000. (ECF No. 1 at 2.)  Pursuant to their agreement, Plaintiff claims he wired $124,000 to Defendants; however, the tractors were never delivered.  (Id.)

　　　　On March 17, 2011, Plaintiff filed the instant motion to conduct expedited discovery.  (ECF No. 3.)  He explains a Canadian individual, Mr. Robert Kent, persuaded him to purchase the tractors from Defendant.  (Id.)  At Kent's direction, Plaintiff wired money to a Citibank N.A. account.  (Id.)  Since then, Plaintiff represents that he has been unable to locate Defendants in order to serve the summons and complaint in this case.  (Id.)  He requests leave to serve a subpoena on Citibank N.A. "in order to ascertain more information regarding the Defendant and its' [sic] bank account." (Id. at

3.) If Defendants cannot be located, Plaintiff states he may request to serve the summons and complaint through publication. Information regarding Defendants' location would be necessary for such a motion. (Id. at 4.)

If granted leave to conduct expedited discovery, Plaintiff also requests leave to serve the subpoena without giving notice to Defendants. (Id. at 4.) He contends sending the subpoena to Citibank N.A., Defendants' known bank, would give them the best opportunity to receive actual notice. (Id.) In the alternative, Plaintiff requests to serve the subpoena without giving notice to Defendants. (Id.)

In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless by court order or agreement of the parties. A court order permitting early discovery may be appropriate "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).

After reviewing Plaintiff's *ex parte* motion for leave to take early discovery, and the accompanying memorandum of points and authorities, the Court finds Plaintiff has not made an adequate showing to warrant expedited discovery. The benefits of expediting discovery from a third-party are unclear in this case. The Court cannot ascertain whether Kent is a representative of Defendants, nor can the Court determine the affiliation between Diamondbank, PLC, Robert Kent Equipment and Defendants. The motion seems to suggest funds wired to Diamondbank, PLC's Citibank N.A. account were forwarded to Defendants. (ECF No. 3 at 2-3.) However, at this time it is unclear whether account information for Diamondbank PLC's Citibank account would yield the location of Defendants.

Conversely, the Court finds prejudice to Defendants may be significant. Plaintiff requests expedited discovery to ascertain "more information" on Defendants' alleged bank account. The scope of this request is undefined. If Plaintiff seeks to discover "more information" than Defendants' address alone, he fails to explain why such information could not be discovered during the normal course of litigation. Accordingly, Plaintiff's motion for expedited discovery is DENIED

1 without prejudice.

2 **IT IS SO ORDERED**.

3 DATED: March 28, 2011

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable James Lorenz
        All parties