UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADER MIKIHAIL,<br><br>  Plaintiff,<br><br>v.<br><br>ROBKEN INTERNATIONAL INVESTMENT, LTD, also known as Robken Int'l Investment LTD, and DOES, 1-20, inclusive,<br><br>  Defendants. | Civil No.   10-cv-2468-L (POR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION TO EXPEDITE DISCOVERY**<br><br>**[ECF No. 6]** |

On December 1, 2010, Plaintiff Nader Mikihail filed a complaint against Robken International Investment, LTD ("Robken") and Does 1-20 for breach of contract.  Plaintiff alleges he negotiated a contract with Robken to purchase two tractors for the agreed sum of $124,000.  (ECF No. 1 at 2.)  Pursuant to their agreement, Plaintiff claims he wired $124,000 to Defendants; however, the tractors were never delivered.  (Id.)

A.   Factual Background

Plaintiff has been unable to locate Defendants to serve the summons and complaint.  Thus, on June 17, 2011, Plaintiff filed the instant Motion for Expedited Discovery.[1]  (ECF No. 6.)  Plaintiff explains Mr. Robert Kent, a Robken sales representative, persuaded him to purchase the tractors.  (Id.

---

[1] Plaintiff's first Motion for Expedited Discovery was denied without prejudice on March 28, 2011.  (ECF No. 4.)

1  at 2.) At Kent's direction, Plaintiff wired money to Diamondbank PLC's Citibank N.A. account "for
2  further credit to Robken Int'L Investment LTD." (Id.; Doc. 6-1 at 8, 10.) Plaintiff claims he
3  received two invoices from Robken, as well as two invoices from Fortune N Shipping, the
4  forwarding agent, and two Bills of Lading from Mediterranean Charter Shipping Company.
5  However, based on subsequent investigations, Plaintiff alleges the entire transaction was a fraud,
6  complete with false invoices, false shipping companies and elaborate false websites. (Id. at 6.)
7  Plaintiff further alleges Mr. Kent had assumed a false identity and was using a false address. (Id.;
8  ECF No. 6-2 at 8.) Since discovering the alleged fraud, Plaintiff has been unable to contact
9  Defendants. He contends the "only true piece of information" provided during the transaction was
10 the Citibank account number.

11     Accordingly, Plaintiff seeks leave to serve a subpoena on Citibank to ascertain Defendant's
12 location and whether Plaintiff's funds are still in the account. (Id. at 7.) Plaintiff's proposed
13 subpoena, attached as Exhibit C to the Declaration of Samy S. Henein in support of Plaintiff's
14 Motion for Expedited Discovery, requests production of "[a]ny and all documents including check
15 images, wire transfers, deposits, withdrawals, statements, or any other account activity," including
16 "all addresses ever used in connection with this account, and details of all transactions that took
17 place between June 1, 2009 and August 31, 2009." (Id. at11.) Because Plaintiff does not have a
18 valid address for Defendants, he also seeks leave to serve Defendants with a copy of the subpoena
19 by mailing it to Citibank, Defendants' known bank. In the alternative, Plaintiff requests leave to
20 serve the subpoena without giving notice to Defendant.

21 B.    Discussion

22     In accordance with Federal Rule of Civil Procedure 26(d), discovery does not commence
23 until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f),
24 unless by court order or agreement of the parties. A court order permitting early discovery may be
25 appropriate "where the need for expedited discovery, in consideration of the administration of
26 justice, outweighs the prejudice to the responding party." Semitool, Inc. v. Tokyo Electron
27 America, Inc., 208 F.R.D. 273, 276 (N.D.Cal. 2002).

28     After reviewing Plaintiff's motion and the accompanying memorandum of points and

authorities, the Court finds Plaintiff has made an adequate showing to warrant expedited discovery as to the location of Defendants only. Without such discovery, Plaintiff cannot locate Defendants and thus cannot pursue this action. However, Plaintiff fails to explain why information on the account's balance cannot be discovered during the normal course of litigation. Based thereon, IT IS HEREBY ORDERED:

1. Plaintiff may serve immediate discovery on Citibank N.A. to obtain information on Defendants' address or location **only**.

2. Based on the potential prejudice to Defendants without notice and an opportunity to be heard, Plaintiff may **not** serve discovery on Citibank to ascertain detailed account information.

3. Plaintiff may serve this subpoena without notice to Defendants.

DATED: June 27, 2011

*/s/ Louisa Porter*
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable James Lorenz
All parties